UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENATO PAGTALUNAN, et al.,

    Plaintiffs,

    v.

E*TRADE BANK FORMERLY KNOWN AS TELEBANK,

    Defendant.

_____/

No. C 13-1335 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant E*Trade Bank ("E*Trade") for an order dismissing the above-entitled action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs Renato Pagtalunan and Janette Cabautan, who are represented by counsel, filed no opposition to the motion.[1] Having read defendant's papers and carefully considered the arguments and the relevant legal authority, the court hereby GRANTS the motion.

## BACKGROUND

    In November 2006, plaintiffs borrowed $885,000 secured by a promissory note and Deed of Trust in connection with a purchase or refinance of residential property located in the County of San Mateo, California ("the property"). The Deed of Trust named plaintiffs as the "borrowers," and identified Financial Trustee Company as the "trustee," Reunion Mortgage, Inc. as the "lender," and Mortgage Electronic Registration System ("MERS") as the "nominee" and the "beneficiary."

---

[1] Under Civil Local Rule 7-3, any opposition was due on July 2, 2013.

From December 2006 until January 2008, plaintiffs made timely loan payments, but subsequently failed to do so. On May 13, 2008, a Notice of Default was recorded in the San Mateo County Recorder's Office by Ndex West LLC. On June 16, 2008, an Assignment of Deed of Trust was recorded, pursuant to which MERS assigned all beneficial interest in the Deed of Trust to defendant E*Trade. A Notice of Trustee's Sale was recorded on August 12, 2008.

On August 18, 2008, October 21, 2008, and December 4, 2008, Renato Pagtalunan filed three separate Chapter 13 petitions in the Bankruptcy Court for the Northern District of California. All three were dismissed by the court for failure to comply with court rules or orders.

On December 4, 2008, plaintiffs filed suit in the Superior Court of California, County of San Mateo, against Reunion Mortgage, Inc., E*Trade, and MERS, asserting causes of action for declaratory relief; breach of the implied covenant of good faith and fair dealing; violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; violations of the Real Estate Settlement Procedures Act ("RESPA"), 24 C.F.R. § 35009.6(a); violation of California Civil Code §§ 1920 and 1921; violation of California Civil Code § 1916.7; rescission/cancellation; unfair and fraudulent business practices, in violation of California Business & Professions Code § 17200; breach of fiduciary duty; quiet title; and injunctive relief.

On January 13, 2009, MERS removed the case to this court, as case No. C-09-0162. Defendants moved to dismiss the complaint for failure to state a claim, and to strike certain allegations in the complaint. The court granted the motion, with leave to amend all but one claim. Plaintiffs filed a first amended complaint on May 7, 2009, and defendants again moved to dismiss for failure to state a claim and to strike allegations. On September 29, 2009, the court granted the motion, dismissing plaintiffs' claims with prejudice, and also entered judgment.

On April 23, 2010, August 25, 2010, October 6, 2011, and December 16, 2011, Renato Pagtalunan filed four additional Chapter 13 petitions with the Bankruptcy Court. All

2

four were dismissed, the most recent dismissal on April 12, 2012.

On December 6, 2012, a Notice of Trustee's Sale was recorded. The Trustee's Sale took place on January 7, 2013.

Plaintiffs filed the complaint in the present action on March 25, 2013. Plaintiffs allege that E*Trade wrongfully commenced foreclosure proceeding, and that major defects in the foreclosure instruments rendered them unlawful. Specifically, plaintiffs assert that the Assignment of Deed of Trust, which assigned all interest in the Deed of Trust from the original beneficiary to E*Trade was/is invalid, because MERS had no interest in the Note or the security instrument, and was thus incapable of assigning the Note or Deed of Trust.

Plaintiffs assert seven causes of action – (1) unfair, unlawful, and fraudulent business practices, in violation of California Business & Professions Code § 17200; (2) cancellation of instruments, pursuant to California Civil Code § 3412; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g); (4) violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e; (5) declaratory relief; (6) wrongful foreclosure; and (7) quiet title.

E*Trade now seeks an order dismissing all seven causes of action for failure to state a claim.

**DISCUSSION**

A.   Legal Standard

Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege

1  "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.
2  Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff
3  pleads factual content that allows the court to draw the reasonable inference that the
4  defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
5  (citation omitted). In the event dismissal is warranted, it is generally without prejudice,
6  unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou,
7  411 F.3d 1006, 1013 (9th Cir. 2005).

B. Defendant's Motion

E*Trade argues that plaintiffs lack standing to sue because they have failed to allege a tender of full payment of the loan amount. The motion is GRANTED to the extent that plaintiffs are seeking to set aside the foreclosure sale. See Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984).

In addition, E*Trade asserts that each of the seven causes of action fails to state a claim. First, with regard to the first cause of action for violation of § 17200, E*Trade contends that this claim fails because it is dependent on the viability of the other causes of action, and also because plaintiffs fail to allege sufficient facts to provide notice of what unlawful or unfair conduct is being asserted against E*Trade. The motion is GRANTED, with leave to amend. However, the § 17200 claim may not be based on any of the causes of action that have been dismissed with prejudice.

With regard to the second cause of action for cancellation of instruments under Civil Code § 3412, E*Trade argues that this claim fails because plaintiffs have failed to allege that they have "restored everything of value received from the loan transaction." See Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457 (1981). The motion is GRANTED. There are no allegations in the complaint that plaintiffs are willing and able to tender the loan proceeds.

With regard to the third cause of action for violation of TILA, based on the allegation that E*Trade failed to provide written notice of the assignment of the mortgage as well as other disclosures pertaining to the assignment, E*Trade contends that this claim is time-

4

barred, as TILA provides a one-year statute of limitations for claims for civil damages. The motion is GRANTED. The allegations in the complaint show that plaintiffs became aware of the assignment on June 16, 2008. Thus, the limitation period expired as of June 16, 2009.

With regard to the fourth cause of action for violation of the FDCPA, E*Trade asserts that this claim fails because it was not attempting to collect a debt, and is not a debt collector. Further, E*Trade asserts, this cause of action is time-barred. The motion is GRANTED. The activity of foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA. See, e.g., Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp. 2d 1188, 1204 (D. Or. 2001); Diessner v. Mortg. Elec. Regis. Sys., 618 F.Supp. 2d 1184, 1188-89 (D. Ariz. 2009); Nera v. Am. Home Mortg. Serv., Inc., 2009 WL 2423109, at *4 (N.D. Cal. Aug. 5, 2009); Izenberg v. ETS Services, LLC, 589 F.Supp. 2d 1193, 1199 (C.D. Cal. 2008). Moreover, E*Trade is a creditor, not a debt collector. See 15 U.S.C. § 1692a(4).

With regard to the fifth cause of action for declaratory relief, E*Trade contends that this claim fails because it is based on the erroneous assertion that MERS lacked capacity to assign the beneficial interests of the Deed of Trust to E*Trade, and because to the extent that it is intended as a challenge to the foreclosure process, plaintiffs have failed to allege the ability or willingness to tender the loan proceeds. The motion is GRANTED, as stated below with regard to the wrongful foreclosure claim.

With regard to the sixth cause of action for wrongful foreclosure, E*Trade asserts that this claim fails because plaintiffs have failed to allege the ability or willingness to tender the loan proceeds. The motion is GRANTED. A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996); see also Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009); Arnolds Management, 158 Cal. App. 3d at 580.

With regard to the seventh cause of action for quiet title, E*Trade contends that this

claim fails because plaintiffs have failed to allege the ability or willingness to tender the loan proceeds. The motion is GRANTED. See Gallegos v. Wells Fargo Bank, N.A., 2013 WL 3166389 at *9 (E.D. Cal. June 20, 2013) (citing Kimball v. Flagstar Bank F.S.B., 881 F.Supp. 2d 1209, 1220 (S.D. Cal. 2012); Hamilton v. Bank of Blue Valley, 746 F.Supp. 2d 1160, 1177-78 (E.D. Cal. 2010)).

## CONCLUSION

In accordance with the foregoing, E*Trade's motion is GRANTED. The dismissal of the first cause of action is with leave to amend, to the extent that plaintiff is able to allege facts supporting a claim of unfair, unlawful, or fraudulent business practices that is not dependent on one of the other causes of action, unless plaintiffs are able to amend to allege creditable tender. The dismissal of the second through seventh causes of action is with prejudice, unless plaintiffs are able to allege sufficient facts to show the ability and willingness to tender the loan proceeds.

Any amended complaint must be filed no later than August 26, 2013. No additional causes of action or parties may be added without leave of court.[2]

The date for the hearing on the motion, previously set for August 21, 2013, is VACATED.

**IT IS SO ORDERED.**

Dated: July 29, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Should plaintiffs opt to file an amended complaint, E*Trade should consider, in responding to the amended complaint, whether any aspect of the remaining claim(s) is precluded based on fact that the prior action was dismissed with prejudice.

6